■ BANK OF NEW YORK, Petitioner, v NORILSK NICKEL, Appellant, and MONTER JOINT STOCK COMPANY, Respondent, et al., Respondent. [810 NYS2d 32]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 8, 2005, which, in an interpleader proceeding involving competing claims to certain funds made by respondent-appellant (Nickel) and respondent-respondent (Monter), granted Monter's motion to vacate an order, entered on default, calculating the damages sustained by Nickel as a result of Monter's wrongful attachment of the funds, referred such calculation to a Special Referee, and denied Nickel's cross motion to increase the undertaking previously posted by Monter, unanimously modified, on the law and the facts, to deny Monter's motion to vacate the order calculating Nickel's damages, and otherwise affirmed, without costs.

On a prior appeal, this Court determined that Monter had wrongfully attached the subject funds, which, by virtue of federal law, had been blocked in a "call account" controlled by plaintiff stakeholder/bank (14 AD3d 140, 141-142, 143 [2004], *lv dismissed* 4 NY3d 846 [2005]); directed the stakeholder to release the funds to Nickel less the amount of its attorneys' fees (*id.* at 149-150); and remanded the matter for a calculation of the damages sustained by Nickel as a result of Monter's wrongful attachment (*id.*). The calculation was made, and the remand otherwise effectuated, upon Monter's default, but before judgment was entered, Monter moved to vacate its default, and Nickel cross-moved to increase the undertaking that Monter had previously posted. The motion court granted Monter's motion to vacate its default, referred the calculation of Nickel's damages to a Special Referee, and denied Nickel's cross motion to increase Monter's undertaking. We modify to reinstate the award of Nickel's damages.

With respect to the component of the award for Nickel's loss of use of the funds, the calculation was based upon undisputed facts concerning the amount and timing of the payment that the stakeholder would have made to Nickel were it not for the wrongful attachment, the period that the wrongful attachment was in effect, and the propriety of a 6% interest rate over that period. While Monter does challenge the stakeholder's compliance with 31 CFR 585.203 (b) requiring that blocked funds be paid interest at a commercially reasonable rate, we decline to entertain such challenge where, on the prior appeal, the motion

court's discharge of the stakeholder was not disturbed. We note that such discharge specifically addressed Monter's argument based on 31 CFR 585.203 (b).

With respect to the component of the award for attorneys' fees, Monter, on its motion to vacate its default, submitted no evidence challenging Nickel's attorneys' time records and the bills evidencing the value of their services, and argued instead that, if given an opportunity to examine such evidence, it would show that many of the claimed services were worthless and unnecessary, and that the fee was exorbitant. However, it does not appear why Monter's attorney lacked an opportunity to examine such evidence, and his representation as to what he would show otherwise failed to show a meritorious defense.

Nickel's cross motion for an additional undertaking was aptly denied by the motion court on the ground that "[t]he attachment is over and done with." Additional costs to be sustained by Nickel, mainly in connection with an anticipated appeal to the Court of Appeals by Monter of this Court's prior order, will be sustained not by reason of the attachment but by reason of the dispute over entitlement to the funds. Similarly, the attachment having been vacated, it does not avail Nickel that the amount of the undertaking turned out to be only a small fraction of the damages finally fixed.

We have considered and rejected the parties' other arguments. Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.